33 F.3d 54
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ralph BASINGER, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 94-3004.
 United States Court of Appeals, Sixth Circuit.
 Aug. 11, 1994.
 
 Before: GUY and BOGGS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Ralph Basinger appeals a district court judgment affirming the Secretary's denial of his application for social security disability insurance benefits. The parties have waived oral argument, and this panel agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Basinger filed an application for social security disability insurance benefits alleging that he suffered from pain and depression. Following a hearing, an administrative law judge (ALJ) determined that Basinger was not disabled because he had the residual functional capacity to perform his previous type of work. The Appeals Council declined to review the ALJ's determination.
 
 
 3
 Basinger then filed a complaint seeking review of the Secretary's decision. The parties consented to have the case heard before a magistrate judge who subsequently affirmed the denial of benefits and granted summary judgment for the Secretary.
 
 
 4
 Upon review, we determine that substantial evidence exists to support the Secretary's decision. Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam).
 
 
 5
 Basinger contends that the Secretary erred in finding that his previous position as a truck driver was heavy work. We recognize, as did the district court, that the Secretary erred in finding that Basinger's previous position was at a heavy exertional level. However, despite this error, the district court correctly reviewed the totality of the record and concluded that Basinger could perform a substantial number of jobs in the national economy. The vocational expert's testimony establishes that Basinger can perform a substantial number of jobs. Therefore, the Secretary has met her burden of showing that alternate jobs are available which Basinger can perform. See Allen v. Califano, 613 F.2d 139, 145 (6th Cir.1980).
 
 
 6
 Basinger also argues that the Secretary erroneously relied on the vocational expert's testimony because his opinion was inconsistent with the job descriptions set forth in the Dictionary of Occupational Titles (D.O.T.). The social security regulations do not require the Secretary or the vocational expert to rely on D.O.T. classifications. Under 20 C.F.R. Sec. 404.1566(d), the Secretary is required to take administrative notice of job data contained in the D.O.T. and other government publications in relation to unskilled, sedentary, light, and medium jobs. In addition, 20 C.F.R. Sec. 404.1566(e) permits the use of a vocational expert in determining whether a claimant's work skills can be used for other work and the specific occupations in which the skills can be used. Because the vocational expert and the Secretary were not required to rely on the job classifications of the D.O.T., the argument is meritless.
 
 
 7
 Accordingly, we affirm the district court's judgment.